# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NOS.   15-443-03 |
| | : | 16-390-01 |
| SHARAE JOHNSON COLEMAN | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                           **AUGUST  22,  2019**

This is a *pro se* Motion to Amend a sentence. The motion lacks merit and must be denied.

In Criminal Number 15-443, Defendant Sharae Johnson Coleman was found guilty by a jury of one count of conspiracy to commit bank robbery and one count of aiding and abetting. In Criminal Number 16-390, Ms. Coleman was charged by indictment with one count of conspiracy to commit bank fraud and aggravated identity theft, one count of bank fraud and aiding and abetting the same, and one count of aggravated identity theft.

Having been found guilty in the first case, Defendant moved to consolidate both matters in order to tender a guilty plea in Criminal No. 16-390, and for purposes of sentencing in both cases.  On June 1, 2017, Coleman pleaded guilty to Counts 1, 2 and 3 of Criminal Indictment No. 16-390 pursuant to a plea agreement with the government.  The plea was negotiated under Criminal Rule 11(c)(1)(C).  In the agreement, the Government and the Defense *jointly* recommended the following specific sentence as an appropriate disposition of both matters, Criminal Nos. 15-443 and 16-390:  a total of 65 months imprisonment, 3 years supervised release, a fine, if any, to be determined by the Court, restitution of $40,383, and a $500 special assessment.  In the footnote appearing on page three, the parties' guilty plea

1

agreement recognized that Count Three of Criminal Indictment No. 16-390, charging aggravated identity theft and aiding and abetting, under 18 U.S.C. § 1028A(a)(1), (c)(5), carries a 24-month mandatory minimum term of imprisonment.

At the sentencing hearing on January 17, 2018, the Court accepted the parties' recommendation and imposed the agreed upon term of a total of 65 months imprisonment, 3 years supervised release, restitution of $40,383, and a $500 special assessment. No fine was imposed in connection with either case. Specifically, for Criminal Indictment No. 15-443, the defendant received a sentence of 40 months' imprisonment on Counts 2 and 3, to be followed by 3 years' supervised release, a $200 special assessment, and restitution of $10,633. On Criminal Indictment No. 16-390, the defendant received a sentence of 1 month imprisonment on Counts 1 and 2, 3 years supervised release, a $200 special assessment, and restitution of $29,750. On Count 3, the Court imposed a sentence of 24 months consecutive to Counts 1 and 2, 1 year of supervised release, $29,750 restitution, and a $100 special assessment.

Proceeding *pro se*, Ms. Coleman has filed this motion seeking to amend the previously imposed sentences in Criminal Nos. 15-443 and 16-390, to have them run concurrently, rather than consecutively. In support of that claim, she argues that the statutory mandatory minimum sentence of 24 months undermines the principles articulated in *United States v. Booker*, 543 U.S. 220 (2005). *See* Def. Mot. at 2. Ms. Coleman further argues that the First Step Act, passed December 21, 2018, permits the Court to sentence the defendant to concurrent, rather than consecutive, sentences where a concurrent sentencing scheme provides adequate deterrence to the defendant. *See* Def. Mot. at 3.

It is questionable whether I have jurisdiction. Defendant did not appeal, and her time to file any motion under 28 U.S.C. § 2255 expired on February 7, 2019 (the one-year period

runs from the end of the time to appeal, which was on February 7, 2018, fourteen days after the entry of judgment). I will address the merits nonetheless.

Defendant's argument under *Booker* lacks merit. *Booker* dealt with sentences imposed pursuant to the Sentencing Guidelines. The 24-month mandatory minimum term is a statutory requirement, *see* 18 U.S.C. § 1028A(b)(2), and is unaffected by the holding in *Booker*.

The motion further claims that the First Step Act provides authority for setting aside the mandatory minimum penalty. But nothing in the First Step Act alters or applies to Section 1028A. With respect to statutory penalties for criminal offenses, the Act amended only specified drug trafficking penalties (§ 401 of the Act) and the penalty for successive violations of 18 U.S.C. § 924(c) (§ 403 of the Act). It does not address the statue at issue in this case.

Ms. Coleman faced substantial prison time by virtue of her bank robbery conviction. Acting through counsel she negotiated a sentence that would resolve all charges against her. The Court imposed the recommended sentence. She has not set forth a legally valid argument for relief from that sentence.

    /s/ Gerald Austin McHugh
United States District Judge